# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN NOLDER,<br>              Petitioner,<br><br>   vs.<br><br>KENNETH R. CAMERON, THE<br>ATTORNEY GENERAL OF THE STATE<br>OF PENNSYLVANIA,<br>              Respondents. | ) <br> ) <br> ) Civil Action No. 11-185 <br> ) <br> ) District Judge Nora Barry Fischer/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) <br> ) |

## **REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person In State Custody, ECF No. 14, ("the Petition") be denied and that a Certificate of Appealability also be denied.

### II. REPORT

At the time of the initiation of these proceedings, Shaun Nolder ("Petitioner") was a prisoner housed at the State Correctional Institution in Cresson ("SCI-Cresson"). By means of the Petition, he sought to challenge his convictions for Sexual Assault, Indecent Assault, and Corruption of Minors in connection with his sexual abuse of a five year old girl. Petitioner pleaded guilty to these charges and was ultimately sentenced only on the Sexual Assault conviction because the state court determined that the three convictions merged under the state-law doctrine of merger. Petitioner claims that his plea colloquy was defective and therefore, his plea was involuntary because the trial judge did not conduct an on-the-record discussion of the elements of the three crimes. The sole claim he now raises in the Petition is that his plea counsel was ineffective for failing to object to the defective plea colloquy and for failing to move to

withdraw the plea based upon the fact that the colloquy was defective. Because this claim of ineffectiveness was raised in the state courts and the state courts addressed the claim on the merits and because Petitioner has not shown that the state courts' disposition of this claim was contrary to or an unreasonable application of then-existing United States Supreme Court precedent, the Petition should be denied.

### A. FACTUAL AND PROCEDURAL HISTORY

Given that we write primarily for the parties who are well-acquainted with the facts of this case, and with the testimony at the PCRA hearing, we forego a lengthy recitation herein. It is sufficient to note, that during the evening following Petitioner's assault on the five year old girl, the child told her mother about the assault. When confronted by the police, Petitioner confessed to the assault.

Petitioner had counsel and after completing a ten page written "explanation of rights" (ECF No. 16-1 at 27 to 36) with his counsel, Attorney Wasak, Petitioner appeared in open court with his counsel and after the trial court conducted a colloquy with Petitioner, Petitioner entered his plea of guilty. ECF No. 16-1 at 20 to 26 (Guilty Plea Transcript). During the course of the colloquy, the state trial judge specifically asked Petitioner if Attorney Wasak fully explained the nature and elements of the charges to which Petitioner was pleading guilty. ECF No. 16-1 at 22 lines 11 to 19. Petitioner answered the judge that Attorney Wasak had done so. Consequently, the state trial court judge did not review the elements of the charges with Petitioner on the record. The plea was accepted and Petitioner was sentenced on all three charges. After intervening state court proceedings, Petitioner was ultimately re-sentenced solely on the Sexual Assault conviction to a period of incarceration of 5 to 10 years. ECF No. 15 at 7.

Petitioner did not file a direct appeal after his initial sentencing but eventually did file a

Post Conviction Relief Act ("PCRA") petition. The state trial court judge who accepted the plea also presided over the PCRA proceedings. Petitioner was appointed counsel and counsel filed an amended PCRA petition wherein he raised, *inter alia*, the claim that Petitioner's plea counsel, Attorney Wasak, was ineffective for: 1) failing to object to the defective plea colloquy; 2) for failing to explain the nature of the charges and 3) failing to move to withdraw the plea because of the allegedly defective plea colloquy. ECF No. 15 at 3. The PCRA trial court conducted a hearing at which both Petitioner and Attorney Wasak, i.e., Petitioner's plea counsel testified. In the course of the testimony, Attorney Wasak testified that he did in fact explain the elements of the crimes to Petitioner. ECF No. 16-4 at 24, lines 22 to 25 and at 25, lines 1 to 10. Petitioner testified that Attorney Wasak had not done so.

Apparently crediting Attorney Wasak over Petitioner, the PCRA court found that Petitioner's plea was knowing and voluntary. Specifically, the PCRA court found that "[i]t is clear from a review of the explanation of rights form executed by Nolder and the Guilty Plea Transcript that Nolder fully understood the nature of the charges filed against him and that he was freely and voluntarily admitting his guilt. Since Nolder entered a knowing, voluntary and intelligent plea of guilty to these charges, his counsel could not have been ineffective for failing to object to the colloquy, in failing to file a motion to withdraw the guilty plea on the basis of a defective colloquy, nor in failing to preserve that as an issue on appeal." ECF No. 16-5 at 29 to 30.

Petitioner through counsel filed an appeal and the Superior Court affirmed as to the Petitioner's claim that his plea counsel was ineffective, finding the claim to be meritless. ECF No. 17-1 at 1 to 13. On August 9, 2010, a Petition for Allowance of Appeal was filed in the Pennsylvania Supreme Court, which denied the Petition on December 29, 2010.

Petitioner then initiated these proceedings pro se. ECF No. 1. The Respondent filed a Motion for More Definite Statement, ECF No. 7, which was granted. After twice being granted an extension of time in which to do so, ECF Nos. 10 and 12, Petitioner finally filed an amended habeas petition, ECF No. 14, which is the operative Petition. The case was previously assigned to another Magistrate Judge but was reassigned to the undersigned. The Respondents filed an Answer to the Petition accompanied by state court records, asserting that the Petition was meritless. ECF Nos. 15 to 17.

## B. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas petition was filed after its effective date, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the

Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).

## C. DISCUSSION

The sole claim Petitioner raises in the Petition is: "Whether trial counsel rendered ineffective assistance of counsel, when guilty plea counsel allowed Petitioner [to] enter into a plea of guilty absent an indication that he understood the elements of the three crimes?" ECF No. 14 at 4.

In disposing of this ineffective assistance claim, the state courts relied upon the test announced in Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).[1] The Pennsylvania Supreme Court has developed an ineffective assistance standard that requires a petitioner to demonstrate that (1) the underlying claim is of arguable merit, (2) counsel had no reasonable basis for the act or omission in question, and (3) but for counsel's act or omission, there is a reasonable probability that the outcome of the proceedings would have been different. See Commonwealth v. Douglas, 645 A.2d 226, 230-31 (Pa. 1994); Commonwealth v. Pierce, 527 A.2d at 975.

This Pennsylvania standard has been found to be materially identical to the test enunciated in Strickland. Werts, 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Werts, 228 F.3d at 204. Because the Superior Court decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those standards are essentially the same as the Strickland

---

[1] The Superior Court cited directly to Commonwealth v. Costa, 742 A.2d 1076, 1076-77 (Pa. 1999). ECF No. 17-1 at 8. Although the Superior Court did not directly cite to Pierce, it utilized the three prong test of Pierce, simply citing another Pennsylvania Supreme Court case for the Pierce test.

6

standard, this Court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the state court's adjudication of the federal claim resulted in a decision that was contrary to United States Supreme Court precedents or an unreasonable application of federal law. Pursuant to the holding of <u>Werts</u>, Petitioner is barred from arguing that the Superior Court's decision applying the <u>Pierce</u> standard is contrary to the standard announced in <u>Strickland</u>. Petitioner could argue the second sense of "contrary to," i.e., the Superior Court reached a different result from that of the federal Supreme Court on a set of materially indistinguishable facts.

However, Petitioner does not point to any United States Supreme Court decision, in existence at the time that the Superior Court rendered its decision in this case that has a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the Superior Court herein. <u>Williams</u>, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Accordingly, Petitioner has not shown that the Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court, in either of the two senses of "contrary to."

Thus, it remains open to Petitioner to show that the Superior Court's decision was an unreasonable application of federal law. Petitioner has not carried his burden to show that the Superior Court's decision constituted an unreasonable application of federal law concerning ineffective assistance of counsel. While Petitioner may argue in a conclusory fashion that the state courts' adjudication of his claim was contrary to or an unreasonable application of United States Supreme Court precedent, we are not convinced.

Essentially, the state courts found the testimony of Attorney Wasak at the PCRA hearing that Attorney Wasak did in fact make Petitioner aware of the elements of the crime, credible. See Superior Court Opin., ECF No. 17-1 at 9 ("Moreover, counsel testified at the post conviction hearing that he did explain the elements of the crimes charges and that Nolder understood . . . ."). As such, the state courts found the underlying claim that Petitioner's waiver was not knowing, voluntary and intelligent, despite the allegedly defective plea colloquy to be meritless. See PCRA Trial Court Opin., ECF No. 16-5 at 29 to 30 ("[i]t is clear from a review of the explanation of rights form executed by Nolder and the Guilty Plea Transcript that Nolder fully understood the nature of the charges filed against him and that he was freely and voluntarily admitting his guilt. Since Nolder entered a knowing, voluntary and intelligent plea of guilty to these charges, his counsel could not have been ineffective for failing to object to the colloquy, in failing to file a motion to withdraw the guilty plea on the basis of a defective colloquy, nor in failing to preserve that as an issue on appeal."). See also Superior Court Opin., ECF No. 17-1 at 9 ("Upon review of Nolder's guilty plea colloquy, we find his IAC claim devoid of arguable merit. Contrary to his belated suggestion that the [plea] court's failure to repeat the elements of his crimes in the record rendered his plea 'involuntary, unknowing and unintelligent,' . . . the guilty plea transcript demonstrates that Nolder fully understood the nature of the charges against him and quite knowingly accepted responsibility for his conduct. . . ."). We find the state courts' analysis which holds that counsel cannot be ineffective for failing to raise a meritless claim, i.e., just because there was no on the record colloquy of the elements of the offense, Petitioner's plea was thereby rendered unknowing or involuntary, to be an eminently reasonable application of then existing United States Supreme Court law on ineffective assistance of counsel claims. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) ("counsel cannot be ineffective for

8

failing to raise a meritless claim."). Hence, Petitioner has failed to show that the state courts' adjudication of his ineffectiveness claim to constitute an unreasonable application of United States Supreme Court precedent.

In addition, it appears that the Superior Court also found that Petitioner failed to establish prejudice flowing from guilty plea counsel's failure to object to the defective plea colloquy, with prejudice in this context meaning that Petitioner would have refused to plead guilty.[2] See Superior Court Opin., ECF No. 17-1 at 11 to 12 ("we are not convinced that repetition [by the state trial court judge] of the elements of the crimes charged would have made any difference in the defendant's determination to tender his plea. *See Commonwealth v. Morrison*, 878 A.2d 102, 108-09) (Pa.Super. 2005) (concluding that the trial court's failure to repeat elements of the crime to which defendant pled guilty did not invalidate plea where the totality of the circumstances suggested defendant's knowledge and understanding of the charges against him)."). We find that this analysis is not contrary to or an unreasonable application of United States Supreme Court precedent on ineffective assistance of counsel claims.

Lastly, it does not appear that Petitioner specifically argues that the state courts engaged in an unreasonable determination of the facts. However, even if he had, we would not find it unreasonable for the state courts to conclude that Attorney Wasak, in fact, informed Petitioner of the elements of the crime (given Attorney Wasak's testimony at the PCRA evidentiary hearing) and so, Petitioner was, in fact, aware of those elements. Because Petitioner was aware of those elements, his plea was not unknowing or involuntary simply because there was no on-the-record

---

[2] Hill v. Lockhart, 474 U.S. 52, 58 (1985) ("In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

9

colloquy explanation of the elements of the crimes by the trial court judge to Petitioner.[3] See

Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972).[4]

---

[3] We note in passing that Boykin v. Alabama, 395 U.S. 238 (1969) held that courts cannot presume a knowing and voluntary waiver of trial rights by permitting a defendant to plead guilty without the trial judge conducting an on-the-record colloquy concerning certain matters. Contrary to Petitioner's suggestions, Boykin did not, and, as a matter of logic, could not establish the principle that absent such on-the-record colloquy, the plea of guilty is necessarily unknowing and involuntary. As a matter of logic, and, as this case demonstrates, the criminal defendant may well be aware of all of the things Boykin requires a criminal defendant to be aware of, even absent an on-the-record colloquy because the defendant was made aware of those elements by other means, such as happened in this case, i.e., the defendant's counsel made him aware of those elements. See, e.g., Guzman v. Lamarque, No. Civ.A. S-04-0700, 2009 WL 900729 at *19 (E.D.Cal., March 31, 2009) ("A guilty plea must be knowing, intelligent and voluntary. . . . *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Knowledge of the maximum potential penalty is a required part of a knowing and voluntary plea. However, 'the voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it.' *Brady*, at 749, 90 S.Ct. at 1469, and a defendant must be in fact prejudiced by erroneous information. *See United States v. Dominguez–Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (guilty plea colloquy defects are not structural error) and *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (error must have had a substantial and injurious outcome on the proceedings (here, whether petitioner would have pled guilty but for the error)); *United States v. Flynn*, 2009 WL 586126 (9th Cir. 2009) (applying *Brecht* in a federal habeas plea colloquy error situation).") (some citations omitted). Cf. Miller v. Champion, 161 F.3d 1249, 1255 (10th Cir. 1998) ("[I]f the defendant's attorney does not supply his client with notice of the critical elements of the crime to which he is pleading guilty, and the defendant does not learn this information from another source, the attorney has deprived the defendant of his right to make a fully informed and voluntary decision regarding the prosecution's plea offer.... [T]he Sixth Amendment requires that the defendant's attorney supply his client with the requisite notice in order to ensure that the ensuing plea is knowing and voluntary.").

[4] The Court in Wade v. Coiner, 468 F.2d at 1060, held as follows:

> we do not find in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a rule fastening the "rigid prophylactic requirements of Rule 11" of the Federal Rules of Criminal Procedure upon the states. As a matter of expediency and circumspection, state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so. The exhortation to state judges to exercise the utmost solicitude "in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence" is silent as to the method of discharging that function. If the record affirmatively shows that the

(footnote continued. . .)

To reiterate, Petitioner has failed to carry his burden to show that the state courts' adjudication of his claims of ineffectiveness of counsel constituted an unreasonable application of United States Supreme Court precedent. Hence, he is not entitled to relief on such claim.

Because jurists of reason would not find the foregoing debatable, a Certificate of Appealability should be denied.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's Petition be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: January 7, 2013                                s/Maureen P. Kelly
                                                     MAUREEN P. KELLY
                                                     UNITED STATES MAGISTRATE JUDGE

---

plea was intelligently and voluntarily entered, that is enough. The substance of the inquiry will, of course, be analogous to a Rule 11 colloquy. *Smith v. Cox*, 435 F. 2d 453, 457 (4th Cir. 1970). But it would probably suffice for the Clerk or defendant's counsel, or even the solicitor, to advise the defendant of the nature of the charge and the consequences of his plea rather than the judge himself addressing the defendant as required by Rule 11.

cc: The Honorable Nora Barry Fisher
United States District Judge

Shaun C. Nolder
FQ-8100
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699

All counsel of record via CM/ECF